[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties have stipulated that the Plaintiff Philip R. Morris ("Plaintiff") incurred and paid $250,000.00 in legal expenses defending a claim brought by Defendant Hall's Magazine Reports, Inc. ("Defendant") that he breached a certain Termination Agreement and Consulting Agreement CT Page 6399 ("Agreements," Plaintiff's Exhibits 1 and 2 respectively). Such claim was litigated in the United States District Court in December of 1999 ("District Court Action"), and the Plaintiff prevailed in defending against that claim. Plaintiff brought the instant action for reimbursement of the $250,000.00 that he incurred in prevailing in the District Court Action.
The narrow issue to be decided is whether the language in the Agreements, which have the exact same provision regarding reimbursement of attorney's fees and costs, entitles Plaintiff to such reimbursement.
The language in the Agreements provides as follows:
 This Agreement shall be governed by and construed under the laws of the State of Connecticut. Any and all disputes concerning, regarding or arising from this Agreement, including, without limitation, those concerning the negotiation, interpretation and/or enforcement of this Agreement, shall be determined by arbitration before the American Arbitration Association, at proceedings to be held in Greenwich, Connecticut. The prevailing party will be entitled to recover their litigation expenses including reasonable attorneys' and experts' fees. from the non-prevailing party.
Consulting Agreement, ¶ 11; Termination Agreement, ¶ 16.
When applying the general principles governing the construction of contracts, "Connecticut law requires courts to effectuate the intentions of the parties as they are expressed in the contract." SchilbergIntegrated Metals v. Continental Cas. Co., 2001 WL 459114 *3,29 Conn.L.Rptr. 721 (Conn.Super. 2001). The Connecticut Supreme Court has stated:
 A contract must be construed to effectuate the intent of the parties, which is "determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction . . . [T]he intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract . . . CT Page 6400
24 Leggett Street, L.P. v. Beacon Industries, Inc., 239 Conn. 284, 294-95
(1996), (quoting Tremaine v. Tremaine, 235 Conn. 45, 57, 663 A.2d 387
(1995)). Further on the issue of discerning the intent of the parties, when a trial court embarks on ascertaining the parties' intent:
 A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity . . . Similarly, any ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms. . . .
When the words of the contract are plain, the parties' intentions are to be deduced by applying the natural and ordinary meaning of the language.
This case comes to this court as a court trial. The court heard the testimony of Philip Morris and has reviewed the stipulation of the parties. The court has further reviewed the exhibits introduced at trial.
In this case, the clear and unambiguous language of ¶ 16 of the Termination Agreement, and ¶ 11 of the Consulting Agreement evidences the clear intent of the parties. The operative provision provides that Plaintiff is entitled to recover his "litigation" expenses. The word "litigation" is defined as: "A lawsuit. Legal action, including all proceedings therein. Contest in a court of law for the purpose of enforcing a right or seeking a remedy. A judicial contest, a judicial controversy, a suit of law." BLACK'S LAW DICTIONARY 841 (5th ed. 1979). By stating in the Agreements that "[t]he prevailing party will be entitled to recover their litigation expenses, including reasonable attorneys' fees and expert fees, from the non-prevailing party[.]" (emphasis supplied), the parties made a clear and unequivocal agreement that the prevailing party was entitled to recover expenses of a litigation in state or federal court.
The court notes that neither of the paragraphs has a title, but is just a paragraph of sentences concerning certain circumstances. Although at first blush it would appear that the parties had to go to resolve all their disputes before the American Arbitration Association, it is clear from a review of the Agreement that other tribunals or courts could be involved. Accordingly, this case did go to the District Court for resolution.
This court does not read the relevant provisions to mean that only in arbitration are reasonable attorney's fees to be awarded. If the paragraph had wanted to say that, it clearly could have said that. CT Page 6401
The court treats this paragraph as three unrelated provisions. Sentence #1 choice of law. Sentence #2 arbitration. Sentence #3 attorney's fees. They could have been in three separate paragraphs and stood by themselves independent of the others.
Accordingly, the court finds the plaintiff has proven the allegations of his complaint. The court finds that the defendant has failed to prove by a fair preponderance of the evidence its first and second special defense.
Accordingly, judgment may enter in favor of the plaintiff in the sum of $250,000.00.
 ___________________ KARAZIN, J.